## Daniel Watson v. C. Fagner.

1. BANKER AND DEPOSITOR—*Loaning Funds on Deposit.*—When a banker loans the funds of his depositor by authority, he becomes his agent, and as such is only liable for a failure to exercise good faith and reasonable diligence; but when he loans such funds without being authorized to do so, he becomes an agent from his own wrong and is absolutely responsible for the money.

**Assumpsit,** for money lost by loaning it to insolvent parties. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901.

H. M. STEELY, attorney for appellant.

PENWELL & LINDLEY and C. M. BRIGGS, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This was an action of assumpsit brought by appellee to recover for money lost to him through the insolvency of parties to whom the money had been loaned by appellant as the alleged agent of appellee. Appellant was a banker at Rossville, Illinois. Appellee was a depositor in his bank. It was charged that appellant solicited a deposit of' the money and promised to loan the same to safe and responsible borrowers, and to use due care and diligence in collecting the same; that he, on August 23, 1896, loaned the money to Dwiggins Brothers; that he carelessly and negligently loaned the money to them; and that he did not use due care and diligence to collect it, whereby it became lost to him. Dwiggins Brothers were merchants, doing business at Rossville, and the money—$3,000—was loaned to them by appellant upon a promissory note for that sum, payable to appellee in one year with interest at the rate of six per cent per annum. They were subsequently adjudged bankrupt and the note was probated against their estate. The *pro rata* dividend received by appellant from the

trustees in bankruptcy on the note was $903.73, which appellant tendered and deposited with his formal plea of tender.

A trial by jury resulted in a verdict and judgment in favor of appellee and against appellant for $3,928.67.

The errors assigned and relied upon for a reversal of the judgment are improper rulings upon evidence, improper instructions to the jury, the refusal of proper instructions, and that the verdict is against the law and the evidence.

The case was a close one on the disputed questions of fact. There was a sharp conflict between appellee and appellant as to the alleged promise of appellant to loan appellee's money to solvent and responsible parties, and afterward to collect it. Appellee testified that the loan of the $3,000 to the Dwiggins Brothers was made without his knowledge, and that when he afterward learned of the fact and saw their promissory note among his papers, appellant assured him that they were solvent and promised that he would collect the note. Appellant testified that he never promised to take charge of and loan appellee's money at all; that the Dwiggins Brothers loan was made upon appellee's special instruction after appellee had learned that they wanted the money and had satisfied himself that they were solvent. He also denied that he ever promised to collect the note. There was other testimony of a corroborative character, but the case hinged largely upon the testimony of the two parties litigant. In view of the sharp conflict between them, accuracy of instructions was important.

If appellant agreed to loan appellee's money to solvent and responsible parties, the duty rested upon him as agent to act honestly and use reasonable care and diligence in transacting the business. If he acted in good faith, he is only responsible for a loss due to his failure to exercise reasonable diligence and caution. The third instruction given for appellee is too broad. It is as follows: " Third. The court instructs the jury as a matter of law, that where one is agent to loan money, and loans the money of his prin-

cipal to his own debtor without disclosing the fact to his principal, and the money so loaned is not securely invested, that the act is not binding upon the principal, and the principal would have a right to repudiate the act and hold the agent responsible for the money thus intrusted to be loaned."

Under that instruction, an agent would be liable for money lost to his principal, no matter how insignificant the debt of the debtor to the agent and regardless of whether he exercised good faith and caution under it in making the loan. The mere fact of existing indebtedness of the borrower to him made him responsible for an absolutely secure loan. Such an instruction would give a jury to understand that if the borrower owed the agent anything at the time, it gave the principal the right to repudiate the loan and look to the agent for a return of the money.

We can not say that the vice of this instruction was cured by others in which the jury were told that an agent is not responsible if he acts in good faith and exercised "reasonable care and prudence in making investments" for his principal. The jury may have followed this one and not the other. Complaint is made of several other of appellee's instructions, in that they assume the existence of a matter in dispute—the agency of appellant. We see no force in the objection. It is not disputed that appellant let out the money to Dwiggins Brothers. If he was authorized to do so, he was appellee's duly appointed agent, and was only liable for failure to exercise good faith and reasonable diligence. If he was not authorized to so do, he became agent from his own wrong and became absolutely responsible for the money. We see nothing seriously wrong with any other of appellee's instructions.

Without discussing in detail the various objections to the rulings of the court on the admissibility of testimony, we only desire to say that no substantial error appears on that score. It was proper to show the relation that had for several years prior to the loan to Dwiggins Brothers existed between the parties as banker and depositor and to what extent appel-

lant had assumed the management of appellee's business. Any evidence tending to show the financial condition of Dwiggins Brothers prior to the date of the loan and showing the result of the bankruptcy proceedings was proper.

We do not care to express our views as to the merits of the controversy, because the cause will be submitted to another jury. For the error of the court in giving the instruction above quoted, the judgment will be reversed and the cause remanded.