# Daniel Watson v. Christian Fagner.

1. VERDICTS—*Where Reviewing Courts Will Not Disturb.*—Where the evidence of either side, standing alone, would support a verdict for the side to which it might be returned, a reviewing court will not disturb the verdict that was returned, on the sole ground that it is not supported by the evidence.

2. BANKS AND BANKING—*Banker Must Use Ordinary Care in Making Loans.*—A banker must use ordinary care in making loans and collections.

Assumpsit.—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge presiding. Heard in this Court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

H. M. STEELY and J. B. MANN, attorneys for appellant.

PENWELL & LINDLEY and C. M. BRIGGS, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was before us on a former appeal, 99 Ill. App. 364, and the judgment was then reversed and the cause remanded for errors of instructions. The suit is by the appellee against the appellant for negligence as a banker in making loans for appellee to irresponsible persons and for failure to use ordinary care to collect such loans, whereby appellee lost the money so lent.

The second trial resulted in a verdict and judgment against appellant for $4,144.50, and after a remittitur of $373.80 had been entered, the court overruled appellant's motion for a new trial, and gave judgment against him for $3,770.70, to reverse which, this appeal is prosecuted, and various errors have been assigned and argued to effect the reversal, among which are, chiefly, the rulings upon the evidence and the instructions to the jury, and that the verdict is against the law and the evidence of the case.

We have examined the complaints about the ruling of the court upon the evidence but find no prejudicial error in that respect. Numerous complaints are made of the

Watson v. Fagner.

instructions, both given and refused, but upon examination of the points made in this regard we are satisfied that the law was clearly and fully stated in the instructions given by the court, and when the entire charge is read as a whole, including those given by the court of its own motion, there is no ground upon which appellant can justly complain. Every material point in the case was covered as completely and correctly as appellant's rights demanded and nothing proper in the refused instructions was omitted from such as were given by the court. There is conflict in the evidence upon the point whether or not appellant loaned the money of appellee upon the direction of appellee to the parties in question, who were clearly irresponsible, or upon the judgment of appellant alone, and also whether appellant was charged with the duty of making collections, or whether appellee had taken that duty out of his hands, and relieved appellant of that responsibility. These were questions of fact to be settled by the jury in view of the contrarious character of the evidence of the respective parties. The jury might have found either way upon all these questions, and the verdict will not be disturbed. Where the evidence of either side, standing alone, would support a verdict for the side to which it might be returned, it has often been said a reviewing court will not disturb the verdict that was returned, on the sole ground that it is not supported by the evidence.

The jury, then, having found by their general verdict that appellant was guilty of the negligence charged—that it was he that made the loan upon his own judgment, to irresponsible persons, so that the money was lost and that he was charged with the collection of the same, and appellant having failed to use ordinary care in those respects, which by the law was his duty as a banker (Watson v. Roth, 191 Ill. 382), it follows that the verdict is supported both by the law and the evidence.

In Watson v. Roth, 91 Ill. App. 111, we held upon similar evidence contained in the present record, that a loan made to the same persons to whom it was made in this case, could

not be justified, and that appellant in the exercise of ordinary care as a banker must be held, from the evidence, to have known the loan was precarious and an unsafe one to make. The reasoning upon the facts in that case apply with equal force to this.

Finding no error in the record and proceedings of the Circuit Court, its judgment will be affirmed.